## Application of FOLTZ.

Court of Appeals of District of Columbia.
Submitted May 15, 1928. Decided
June 4, 1928.

No. 2068.

Patents ⊜66(2)—Claim relating to furnaces for device for preheating air held not anticipated.

Claims for an invention relating to furnaces for device for preheating air *held* not anticipated.

Appeal from Commissioner of Patents.

Application by Ira W. Foltz for a patent. From a decision of the Commissioner of Patents rejecting claims therefor, applicant appeals. Reversed.

C. T. Brown, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents rejecting appellant's claims for an invention relating to furnaces. The invention is fairly disclosed in the following claims:

"1. A furnace comprising surrounding walls forming fire box, ash pit and combustion chamber, and an unbroken continuous air conduit incased in one of the walls of said combustion chamber, said air conduit horizontally disposed and having an inlet located below the grate toward the front thereof and having an outlet located above the grate toward the front of the fire box."

"3. A furnace comprising surrounding walls forming a fire box, ash pit and combustion chamber, and unbroken continuous U-shaped air conduits in the lateral sides of the floor of said combustion chamber, and having lateral branches passing through the bridge wall and in and along the side walls of the furnace adjacent the fire box, these branches having inlets located in the ash pit towards the front thereof and outlets located in the fire box towards the front thereof *and outlets located in the fire box towards the front thereof."*

"6. A furnace comprising surrounding walls forming ash pits, fire box and combustion chamber, and an unbroken continuous U-shaped air conduit incased in one of the walls of said combustion chamber, said air conduit being horizontally disposed and having an inlet located below the grate toward the front thereof and having an outlet located above the grate toward the front of the fire box, said air conduit being constructed to accommodate said furnace automatically with any system of draft by delivering over the top of the fire therein a quantity of highly preheated air commensurate with the quantity of fuel distributed over the grate therein, together with the rate of the combustion of said fuel and the temperature of said furnace."

The claims were rejected upon a single reference, a patent to one Burckhardt, No. 6,503, June 5, 1849.

The subject-matter of the application is described by appellant as follows: "This invention relates to a furnace of that general class where at least a part of the air supplied to the fuel is preheated. The purposes of the invention are to provide a practical design for use in connection with steam boilers and for rendering a furnace more efficient for heating the boiler, and incidentally preventing loss of fuel in the products of combustion."

In the operation of appellant's device, air is admitted in the ash pit beneath the grate and passes through openings into a conduit located in the walls of the fire box. It then passes through conduits located in the floor of what is described as the combustion chamber and then passes through conduits located in the walls of the fire box, from which the air is discharged, through openings into the forward end of the fire box above the grate.

Burckhardt, after describing the air flues as represented in his drawing, describes his device as follows: "These flues open into the space below the grate; * * * thence they extend back a sufficient distance in the direction of the smoke flue, and on each side thereof, inclining upward till they nearly reach the level of the bottom of the flue; thence they cross over under the smoke flue to opposite sides; and thence return back to a point nearly over the commencement, and open into the fire chamber over the fuel, * * * through an oblong expanded orifice. * * * By this arrangement a current of air is kept up from the space below the grate through an extended tube, where it is heated to a certain degree, and then discharged into the gases arising from the fuel and that created by the decomposed steam, and thereby a perfect combustion is produced. * * * The contraction of the flue under the boiler, and shaping it to the figure of the lower part of the boiler, adds greatly to the economy of the fuel, while the perfect combustion by the employment of the decomposed steam and atmospheric air above the fuel, in the manner set forth, greatly increases the heating capacity and decreases the gases which are to be carried off by the smoke pipe."

The distinction between appellant's device and that of Burckhardt consists in two important features which seem to have been ignored by the Patent Office; namely, the existence in appellant's device of a separate combustion chamber, and obtaining the result by heated air without the addition of superheated steam, an element relied upon in the Burckhardt patent. The object of the combustion chamber in appellant's invention is apparent, since the great heat obtained in the chamber coacts with the air flowing through the conduit, resulting in raising the air to a sufficient temperature when brought in contact with the fuel gases to accomplish combustion without the use of superheated steam, as in the Burckhardt device.

When the tribunals of the Patent Office undertake to declare the Burckhardt invention operative without the use of superheated steam, and in the absence of appellant's com-

bustion chamber, they are reading into Burckhardt's patent something not to be found therein, and something not assumed even by the inventor. No one can assume that Burckhardt's device would be operative without the superheated steam, and no one can assume that appellant's device would be operative without the combustion chamber; consequently the devices in their operative functions are distinctly different, and it is fair to assume that, as appellant has devised something not disclosed in the Patent Office by any one else, during the period of seventy years since the date of the Burckhardt patent, his invention marks an advance in the art that is entitled to recognition.

We do not agree with the statement in the brief of the learned counsel for the Commissioner that, "concisely stated, appellant takes air from beneath the grate, conducts it through conduits in the hot walls of the furnace back to the fire box above the grate, where it is delivered in a preheated condition, and that is exactly what Burckhardt does. Burckhardt, in addition, has a system of spraying steam into the smoke flue, but that has nothing to do with the preheating of the air."

The difficulty with this statement is that appellant's device is aimed entirely at so preheating the air as to produce the result which Burckhardt attains by the addition of spraying steam into the smoke flue. Again the object of each is attained by an entirely different method; and again counsel overlooks the additional combustion chamber in appellant's device, which is absolutely essential in accomplishing the result which he seeks to attain.

We search the Burckhardt patent in vain to find any disclosure or suggestion of a substitute for superheated steam, or any claim that his invention would be operative with the superheated steam eliminated. On the contrary, we search appellant's specification and claims in vain in our effort to find any suggestion or disclosure whereby his invention would be operative with the addition of superheated steam. By the extra combustion chamber he does disclose a means by which the superheated steam may be eliminated.

We are clearly of the opinion that the claims of the appellant should be allowed, and, if amendment of the claims, as suggested, be found necessary, such amendment, if pertinent to the original disclosure, should be permitted.

The decision of the Commissioner is reversed.